FILED
SUPERIOR COURT

2012 OCT 12 PM 3: 38

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

ALBERTO LIMBAG CENTENO
(aka Alberto Limbag Cento)
DOB: 11/21/1961

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF178-11

DECISION AND ORDER
(Defense Attorney's Request to Withdraw)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on October 11, 2012, for a hearing on Defense Attorney's Request to Withdraw. Assistant Public Defender Jane L. Kennedy (Defense Attorney) was present with Alberto Limbag Centeno (Defendant). Assistant Attorney General Elizabeth S. Vasiliades represented the People of Guam (Government). Upon review and consideration of oral and written arguments, the Court ruled from the bench GRANTING Defense Attorney's request. The Court now reduces to writing its earlier Decision.

## BACKGROUND

On April 15, 2011, Defendant was indicted by a Superior Court of Guam Grand Jury charged with twenty-seven counts of First Degree Criminal Sexual Conduct. Indictment (Apr. 15, 2011). Defendant asserted his right to a speedy trial on August 28, 2012. Hence, the Court

set jury selection for October 10, 2012, cognizant that trial must commence within forty-five (45) days since Defendant is in custody.

On October 11, 2012, day two of jury selection, Defense Attorney brought to the Court's attention her request to withdraw due to ethical considerations. Transcript JDAASCRA (10/11/12) at 1:04:48. The Court needed additional information relative to Defense Attorney's request. However, Defense Attorney responded that she was unable to reveal the specific reason. *Id.* at 1:06:18. At one point she did say "I think there's a name for it, it's called a noisy withdrawal." *Id.* at 1:07:01. In view of this information brought to the Court's attention for the first time, the Court requested that Defense Attorney's request be in writing and asked Defendant and the Government to return at 3 p.m. that same day for a hearing.

## DISCUSSION

Defense Attorney's request to withdraw was very brief. It read it its entirety: "Defense counsel and defendant cannot agree on the course of action for a material part of the case. For ethical considerations, counsel cannot discuss the particular disagreement, but would urge the court to allow counsel to withdraw and to appoint new counsel." Memo Re: Request to Withdraw (Oct. 11, 2012). Likewise, the Government filed a non-opposition to defense's motion to withdraw. People's Reply to Defense Mot. to Withdraw (Oct. 11, 2012).

At the 3 p.m. hearing, Defense Attorney withdrew her request pursuant to the "noisy withdrawal. *Id.* 3:14:06. Instead, Defense Attorney's withdrawal is based on 1.16 (b)(7). The Government did not object.

> Except as stated in paragraph (e), a lawyer may withdraw from representing the client if:
> (7) other good cause for withdrawal exists.

Guam R. Prof'l Conduct 1.16(b)(7).

Based on the representation to the Court and pursuant to Guam R. Prof'l Conduct 1.16(b)(7), the Court GRANTED Defense Attorney's request to withdraw. Consequently, the Court ordered Alternate Public Defender to represent the Defendant. The Court then instructed Defense Attorney to follow Guam R. Prof'l Conduct 1.16(d) which reads: "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

In addition to GRANTING Defense Attorney's request to withdraw, the Court also DECLARED a mistrial. The Court articulated that "although a court has the power to declare a mistrial, that power must be exercised with extreme caution in a criminal prosecution." Understanding this, the Court declared a mistrial on the ground that there is "manifest necessity for termination of the proceedings." A mistrial is not to be declared unless (1) there is "manifest necessity" for termination of the proceedings, or (2) "the ends of public justice" would otherwise be defeated. *Arnold v. McCarthy*, 566 F.2d 1377, 1387-88 (9th Cir. 1978); *United States v. Malekzadeh*, 855 F.2d 1492, 1498-99 (11th Cir. 1988). In this case, jury selection was ongoing and a jury of twelve had yet to be empaneled. Therefore, jeopardy does not attach. On account of this, the Government agreed with the Court's interpretation of declaring a mistrial based on a manifest necessity in light of the Defense Attorney's request to withdraw at this stage of the proceedings. Transcript JDAASCRA (10/11/12) at 3:16:14.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court GRANTS Defense Attorney's Request to Withdraw and also DECLARES a Mistrial in the above entitled case.

**SO ORDERED** this $\underline{12}$ day of OCTOBER, 2012.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

OCT 1 2 2012

Edna M. Nego
Deputy Clerk, Superior Court of Guam